**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                              No. CV-05-0272 BB/LCS
                                                 CR-01-1303 BB

GONZALO MORALES-HERNANDEZ,

      Defendant.

MEMORANDUM OPINION AND ORDER

This matter is before the Court for preliminary consideration of Defendant's amended motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 8; CR Doc. 26) filed May 31, 2005.[1] *See* 28 U.S.C. § 2255 R. 4(b). Defendant was convicted of reentry of a deported alien previously convicted of an aggravated felony, and on March 12, 2002, the Court entered judgment on Defendant's conviction. Defendant did not appeal his conviction or sentence.

In his § 2255 motion, Defendant incorporates by reference his earlier-filed motion for relief as a memorandum in support of the relief sought. The earlier motion invokes the Supreme Court's recent decisions in *Blakely v. Washington*, --- U.S. ---, 124 S. Ct. 2531 (2004), and *United States v. Booker*, --- U.S. ---, 125 S. Ct. 738 (2005), as the basis for challenging Defendant's sentence. *Blakely* applied the rule announced by the Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), that a sentence greater than the statutory maximum must be based on facts found by a jury beyond a reasonable doubt. *Blakely*, 124 S. Ct. at 2536. In *Blakely* the Court set aside a state

---

[1] Defendant filed his original motion for relief on March 10, 2005, and on March 24, 2005, he filed a supplemental motion. The analysis herein is not affected by these earlier filing dates.

court sentence greater than the state's guideline range for the offense stipulated in the defendant's guilty plea. *See* 124 S. Ct. at 2538. The more recent decision in *Booker*, 125 S. Ct. at 764 (2005), declared the mandatory application of the United States Sentencing Guidelines unconstitutional.

These recent Supreme Court rulings are not available to Defendant on collateral review of his criminal conviction. *See United States v. Meza-Hernandez*, No. 04-4295, 2005 WL 1231927, slip ord. at 4 (10th Cir. May 25, 2005) (noting that *Booker* does not apply retroactively after a conviction is final); *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005); *Leonard v. United States*, 383 F.3d 1146, 1148 (10th Cir. 2004). For purposes of retroactivity analysis, the decision in *Blakely* merely applies the previously announced rule from *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), *see Blakely*, 124 S. Ct. at 2536, and thus provides no avenue to Defendant in a § 2255 proceeding, *see Leonard*, 383 F.3d at 1148. These decisions apply only to pending cases and those on direct review. *See Booker*, 125 S. Ct. at 769; *Meza-Hernandez*, 2005 WL 1231927, slip ord. at 4. Defendant is not entitled to relief under these decisions.

In Defendant's supplemental motion (CV Doc. 3; CR Doc. 22), he makes an argument under *Shepard v. United States*, --- U.S. ---, 125 S. Ct. 1254 (2005). This argument is unavailing.

> We note that in the recent case of *Shepard v. United States*, No. 03-9168, 544 U.S. __, 2005 WL 516494 (Mar. 7, 2005), Justice Thomas stated that a majority of the Court now recognizes that *Almendarez-Torres* was wrongly decided. Justice Thomas also predicted that *Almendarez-Torres* would be overruled sometime in the near future. Nonetheless, "we are bound by existing precedent to hold that the *Almendarez-Torres* exception to the rule announced in *Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000)] and extended to the Guidelines in [*United States v.*] *Booker*, [125 S. Ct. 738 (2005)] remains good law."

*United States v. Jeffrey*, No. 04-8009, 2005 WL 827153, at *18 n.12 (10th Cir. Apr. 11, 2005) (quoting *United States v. Moore*, 401 F.3d 1220, 1224 (10th Cir. 2005).  Defendant is not entitled to relief, *see* § 2255 R. 4(b), and the Court will dismiss his motion.

IT IS THEREFORE ORDERED that Defendant's amended motion to vacate, set aside, or correct sentence (CV Doc. 8; CR Doc. 26) filed May 31, 2005, is DISMISSED with prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered.

                                                                                        _____
                                                                                        UNITED STATES DISTRICT JUDGE